UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL DAUSCH, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No: 1:15-cv-1324-TWP-DKL |
| ) | |
| KEITH BUTTS, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Amended Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Carl Dausch for a writ of habeas corpus must be denied. In addition, the court finds that a certificate of appealability should not issue.

I.

**A. Background**

In September 1989, Dausch attacked, raped, confined and abused P.D., his former girlfriend. Dausch was convicted of these offenses in an Indiana state court. His convictions were affirmed in *Dausch v. State*, 616 N.E.2d 13 (Ind. 1993). An action for post-conviction relief was filed on October 1, 1999, was withdrawn on April 6, 2000, was refiled on January 15, 2002, and was granted in part and denied in part on January 8, 2004. The partial denial of the re-filed petition for post-conviction relief was affirmed in *Dausch v. State,* No. 49A05-0403-PC-140 (Ind.Ct.App. Oct. 12, 2004).

Dausch then filed the present action, asserting constitutional infirmities in his convictions. His habeas petition was signed on August 18, 2015.

**B. Applicable Law**

"Federal habeas corpus happens to be one of the most complex areas of American law." *Holmes v. Buss*, 506 F.3d 576, 579 (7th Cir. 2007). It is thus not surprising that "when examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). The respondent argues, in

part, that Dausch's petition for writ of habeas corpus is time-barred and that Dausch has committed procedural default.

"We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, one such provision provides that "a state prisoner has one year to file a federal petition for habeas corpus relief, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012)(quoting 28 U.S.C. § 2244(d)(1)(A)). The limitations period is tolled while a properly filed application for state postconviction relief is pending. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo,* 544 U.S. 408, 410 (2005). The effective date of the AEDPA was April 24, 1996. For persons convicted before that date, April 24, 1996 is treated as the beginning of the one-year period for seeking federal collateral review under § 2254(a). *Allen v. Siebert,* 128 S. Ct. 2, 5 (2007). This operates as a one-year grace period from the statute's enactment. *Araujo v. Chandler,* 435 F.3d 678, 680 (7th Cir. 2005); *Newell v. Hanks,* 283 F.3d 827, 833 (7th Cir. 2002).

In addition to the foregoing standard establishing a filing deadline, "federal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)); *see also Anderson v. Benik,* 471 F.3d 811, 814-15 (7th Cir. 2006) ("To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts.") (internal quotation marks and citation omitted).

### C. Discussion

Dausch's convictions became final before the effective date of the AEDPA. He therefore had through April 24, 1997 in which to file his petition for writ of habeas corpus.

The expanded record shows, and the parties agree, that Dausch's petition for post-conviction relief was first filed on October 1, 1999 and that the post-conviction action was pending from that date until April 6, 2000 and again from January 15, 2002 through October 12, 2004. The periods during which the post-conviction relief action was pending, however, are not pertinent because the statute of limitations expired before that action was first filed on October 1, 1999. *See Gladney v. Pollard*, 799 F.3d 889, 893 (7th Cir. 2015)(noting the petitioner's habeas petition was untimely when his first state post-conviction petition was filed after the one-year limitations period had expired).

The ADEPA's statute of limitations does not apply to habeas petitions that make "a credible showing of actual innocence." *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013). To make such a showing, a petitioner must present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must show that, if the new evidence had been presented at trial, "it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin*, 133 S. Ct. at 1933 (citing *Schlup*, 513 U.S. at 325) (internal formatting omitted).

Dausch invokes the above doctrine, explaining that his actual innocence could be established by obtaining complete transcripts of the evidence at his trial rather than the incomplete transcripts actually produced and reviewed by the state courts. This explanation is far too feeble to accomplish the purpose. It is simply another ways of referring to what *was* presented at trial. Evidence presented at trial is the obverse of "new evidence." Dausch was present at trial and does not suggest that he has previously argued to the Indiana state courts that the trial transcript was either incomplete or inaccurate. Dausch does not present a credible claim of actual innocence justifying an exception to the statute of limitations.

### D. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Dausch has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome

this hurdle, and hence is not entitled to the relief he seeks. His amended petition for a writ of habeas corpus is therefore dismissed as untimely without a decision being made as to the merits of his claims. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Dausch has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 3/30/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

CARL DAUSCH
905729
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362